[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, Michael Caperton, appeals from the trial court's orders classifying him as a sexual predator and imposing maximum five-year prison terms following his guilty plea to two counts of gross sexual imposition. He contends that (1) R.C. 2950.09 is unconstitutionally vague; (2) the trial court's classification that he is a sexual predator is not supported by clear and convincing evidence; and (3) the trial court's selection of the maximum sentence is not supported by clear and convincing evidence. We disagree.
{¶ 3} This is the second time this case has been before us. In its first appearance, we reversed the trial court's sexual-predator adjudication due the court's improper reliance on a polygraph expert and remanded the case for rehearing and for resentencing. On remand, the trial court again adjudicated Caperton a sexual predator. The trial court also imposed the same consecutive five-year prison terms on the two counts of gross sexual imposition. The five-year prison terms were made consecutive to the two-and-one-half-year prison terms imposed in the case numbered B-0004514. In that case, Caperton had pleaded guilty to four counts of pandering obscenity involving a minor and four counts of illegal use of a minor in nudity-oriented material, violations of R.C.2907.321 and 2907.323(A)(3), respectively.
{¶ 4} Caperton's first assignment of error, contending that R.C.2950.09(B)(1) is unconstitutionally vague, was overruled by this court in his first appeal on the authority of State v. Williams (2000),88 Ohio St.3d 513, 534, 728 N.E.2d 342, 362.
{¶ 5} In his second assignment of error, Caperton argues that the state did not prove by clear and convincing evidence, pursuant to R.C.2950.01(E), that he is likely to re-offend. He maintains that his prison records demonstrate, without contradiction, that he presents a low-to-medium risk of re-offending within the next fifteen years.
{¶ 6} A sexual predator is statutorily defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). An offender may be found to be a sexual predator with only one or two of the statutory factors present if the totality of the relevant circumstances provides clear and convincing evidence that the defendant is likely to re- offend. See State v.Wilkinson (Mar. 8, 2002), 1st Dist. No. C-010229. Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established. State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881. It is an intermediate standard in which the quantum of proof is more than a mere likelihood but less than an absolute certitude. Id.
{¶ 7} The trial court considered that Caperton's guilty pleas to sexually oriented offenses involved two victims, ages nine and ten, and determined that they demonstrated a pattern of abuse. These findings satisfied three of the relevant factors to be used by a court in deciding if one is likely to re-offend. R.C. 2950.09(B)(2)(b), (d), and (h). The trial court also observed that Caperton is a pedophile and concluded that he is, therefore, likely to re-offend. The Ohio Supreme Court has recognized that pedophilia is an inherent sexual predilection that often manifests itself in repeated behavior. "An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism." State v.Eppinger, supra, at 162, 743 N.E.2d 881.
{¶ 8} In weighing these factors against evidence that Caperton was assessed during his incarceration to have a low- to-medium risk of recidivism, the trial court employed the criteria set forth in R.C.2950.09(B)(2). The court specifically found that the prison assessment of a 34-percent chance that Caperton would re-offend within 15 years was a sufficient percentage to indicate a likelihood of recidivism. As the court stated, "That scares me." Given the youth of Caperton's victims, we certainly cannot find fault with the trial court's concern. We hold that, based upon the totality of the circumstances, the trial court's conclusion that Caperton fits the statutory definition of a sexual predator is supported by clear and convincing evidence.
{¶ 9} Likewise, we overrule Caperton's third assignment of error challenging the trial court's imposition of maximum prison terms. To impose a maximum prison term upon one who is not a major drug offender or a repeat violent offender, the trial court must find that the defendant either has committed the "worst forms of the offense" or poses the greatest likelihood of recidivism. See R.C. 2929.14(C); see, also Statev. Lattimre, 1st Dist. No. C-010488, 2002-Ohio-723. A trial court sentencing an offender to a maximum prison term must make the required findings and state on the record its reasons supporting those findings. See R.C. 2929.19(B)(2)(d).
{¶ 10} The trial court engaged in the required analysis under R.C. 2929.14(C). On its sentencing worksheet, it made the finding that Caperton posed the greatest likelihood of recidivism and that a minimum term would demean the seriousness of the offenses while failing to adequately protect the public. The trial court also articulated its reasons for selecting the maximum sentence. The court placed specific emphasis on the youth of the victims; Caperton's position of trust with respect to the victims (one of whom was his niece, the other his niece's friend); and the deep psychological harm inflicted upon the victims. The trial court further noted that Caperton fit the classic profile of a pedophile and was therefore likely to re-offend. The trial court's imposition of the maximum sentences, therefore, is clearly and convincingly supported by the record, as was its finding that Caperton committed one of the worst forms of the offense.
{¶ 11} Therefore, the judgment of the trial court is affirmed.
{¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Doan, P.J., Gorman and Sundermann, JJ.